IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| Impax Laboratories, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Shire LLC, <br><br> Defendant, <br><br> and <br><br> Teva Pharmaceuticals USA, Inc., <br><br> Intervenor-Defendant. | Civ. No. 3:11-mc-80206-JSW (NJV) <br><br> **STIPULATION AND ORDER COMPELLING MCKESSON CORPORATION'S COMPLIANCE WITH SHIRE LLC'S SUBPOENA** <br><br> Hearing Date: October 11, 2011 <br> Time: 11:00 AM <br> Courtroom: Eureka <br> Judge: Magistrate Judge Vadas |

THIS MATTER comes before the Court on Shire LLC's ("Shire") Fed. R. Civ. P. 37 Motion to Compel McKesson Corporation's Compliance with Subpoena to produce documents and designate a corporate witness(es) for deposition in a civil action pending in United States District Court for the Southern District of New York, *Impax Laboratories, Inc. v. Shire LLC*, Civ. No. 1:10-cv-08386 (MGC) (AJP) (S.D.N.Y.) (the "New York litigation").

The parties, having come to an agreement, request that the Court enter the following Stipulation and Order:

1. McKesson Corporation ("McKesson") shall make best efforts to produce the following documents and things from its San Francisco, CA employees by October 7, 2011 and from all other McKesson employees by October 14, 2011. McKesson shall produce documents from January 1, 2009 to the present:

    a. McKesson's communications with Shire, Impax and Teva regarding generic Adderall XR® and McKesson's internal documents (e.g., memoranda, e-mails) concerning those communications, including:

        i. Offers from and negotiations with Shire, Impax and Teva, including pricing details (both offered and actual), discounts, rebates, incentives, etc. offered and/or paid by Shire, Impax and Teva;

1                    ii.    Forecasts exchanged with Shire, Impax and Teva; and

2                    iii.   McKesson's internal documents concerning how or why it chose one supplier over another.

   b.   Documents concerning Impax's and Teva's inability to supply or interruptions/delays in its supply of generic Adderall XR, including cancellation of orders.

   c.   Data reflecting McKesson's purchases of branded and generic Adderall XR.

   d.   Data reflecting McKesson's inventory levels of branded and generic Adderall XR.

   e.   Documents concerning general shortages in the availability of branded and generic Adderall XR®.

   f.   Documents concerning any penalties or repercussions for Impax's inability to supply generic Adderall XR®, including loss of goodwill.

   g.   Documents concerning any restrictions placed on how much branded and generic Adderall XR McKesson could purchase and warehouse (i.e., would it purchase as much as it could, limited only by shelf space, tied to patient demand, etc.).

2.   In connection with McKesson's search for documents responsive to the categories identified in paragraph 1, it is understood that McKesson will gather documents from the key company representatives that are associated with managing the purchase of branded and generic Adderall XR.

3.   McKesson shall make its best efforts to make a corporate witness(es) available for deposition at a mutually acceptable time and place for deposition on or before October 31, 2011 to testify as to the following topics:

   a.   The authenticity of documents produced in response to Shire's subpoena and this order ("Subject Documents").

   b.   McKesson's retention policies with respect to the Subject Documents.

   c.   McKesson's efforts to locate and produce the Subject Documents.

   d. Whether the Subject Documents constitute records of regularly conducted activity according to Rule 803(6) of the Federal Rules of Evidence.

   e. Each witness's education and work experience, including information about the witness's duties and responsibilities when working for or on behalf of McKesson.

   f. McKesson's purchases of Adderall XR and generic Adderall XR, including McKesson's negotiations with Shire, Impax, and Teva and McKesson's decision to award "one-stop" status to Teva.

   g. McKesson's inventory levels of Adderall XR and generic Adderall XR.

   h. Shortages in the availability of branded and generic Adderall XR®.

   i. Any penalties or repercussions, including loss of goodwill, suffered by Impax due to its inability to supply Adderall XR®.

   j. Any restriction on how much branded or generic Adderall XR McKesson could purchase and warehouse.

   k. Orders received from and sales by McKesson to its customers for branded and generic Adderall XR, including generic erosion and rates of generic purchasing.

 IT IS SO STIPULATED AND ORDERED.

Dated: September 27, 2011

| | |
|---|---|
| ___/s/ Peter W. Craigie_____ | ____/s/ Steven Winick_____ |
| Peter W. Craigie, State Bar No. 99509 | Steven Winick, State Bar No. 160815 |
| Craigie, McCarthy & Clow | Brian R. Blackman, State Bar No. 196996 |
| 540 Pacific Avenue | Sheppard, Mullin, Richter & Hampton LLP |
| San Francisco, California 94133 | Four Embarcadero Center, 17th Floor |
| Telephone: 415-732-7788 | San Francisco, CA 94111 |
| Facsimile: 415-732-7783 | Telephone: 415-434-9100 |
| E-mail: peter@cmclawpartners.com | Facsimile: 415-434-3947 |
| | E-mail: shwinick@sheppardmullen.com |
| Edgar H. Haug | E-mail: brblackman@sheppardmullin.com |
| Steven M. Amundson | |
| Michael F. Brockmeyer | Attorneys for Nonparty |
| David A. Zwally | McKesson Corporation |
| David Herman | |
| John G. Taylor | |
| Frommer Lawrence & Haug LLP | |
| 745 Fifth Avenue | |
| New York, New York 10151 | |
| Telephone: 212-588-0800 | |
| Facsimile: 212-588-0500 | |

1  E-mail: ehaug@flhlaw.com
   E-mail: samundson@flhlaw.com
2  E-mail: mbrockmeyer@flhlaw.com
   E-mail: dzwally@flhlaw.com
3  E-mail: dherman@flhlaw.com
   E-mail: jtaylor@flhlaw.com
4
   Attorneys for Defendant
5  Shire LLC

6
          **PURSUANT TO STIPULATION IT IS SO ORDERED**
7

8

9
   Dated:  September 27, 2011
10
                                    By: _____
11                                       NANDOR J. VADAS
                                         United States Magistrate Judge
12